IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JULIAN McPHILLIPS,        )<br>                          )<br>    Plaintiff,          )<br>                          )<br>    v.                    )<br>                          )<br>NATIONWIDE LIFE          )<br>INSURANCE COMPANY,        )<br>                          )<br>    Defendant.            ) | CIVIL ACTION NO.<br>2:11cv634-MHT<br>(WO) |

OPINION AND ORDER

Plaintiff Julian McPhillips filed this "vanishing premiums" lawsuit in state court against defendant Nationwide Life Insurance Company. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Nationwide removed this case to federal court based on diversity-of-citizenship jurisdiction. McPhillips now moves for remand to state court because Nationwide has failed to demonstrate that the $ 75,000 amount in controversy required for diversity jurisdiction has been met in this case. For the reasons that follow, McPhillips's remand motion will be granted.

I.

Where, as here, the defendant seeks to remove a case on diversity-jurisdiction grounds and the damages have not been specified by the plaintiff, the removing defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement." Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002). "A removing defendant bears the burden of proving proper federal jurisdiction." Id. The court may not "speculate in an attempt to make up for the notice's failings." Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 (11th Cir. 2007).

Finally, this court's jurisdiction is determined based on the complaint as it existed at the time of removal, not a subsequently amended complaint. See Burt Co. v. Clarendon Nat'l Ins. Co., 385 Fed. Appx. 892 (11th Cir. 2010) (per curiam). (Because this case will be remanded back to state court, this court need not address McPhillips's pending motion to amend the complaint.)

II.

According to McPhillips, Nationwide informed him that a single payment of $ 4,772.57 would provide a $ 250,000 life-insurance policy for the remainder of his son's life; in other words, the premiums would "vanish" after the first payment.  McPhillips made the initial payment, but Nationwide now demands additional premiums.  McPhillips has complied with these requests for payment and currently holds a valid life-insurance policy for his son.

With this lawsuit, McPhillips claims breach of contract, misrepresentation, and suppression.  He seeks a declaratory judgment that he is entitled to the life-insurance policy based on the $ 4,772.57 payment, as well as compensatory and punitive damages.  The complaint's <u>ad damnum</u> clause does not specify the amount of damages sought.  McPhillips does not seek injunctive relief.

III.

Because McPhillips's complaint does not specify the amount of damages sought in this case, the burden is on Nationwide to establish the jurisdictional amount by a preponderance of the evidence.  See Leonard, 279 F.3d at 972.  Nationwide contends that, because McPhillips seeks equitable relief related to an insurance policy, the relevant amount in controversy is the policy's face value: $ 250,000.

Nationwide argues that several Eleventh and binding former Fifth Circuit Courts of Appeals cases dictate that removal is proper.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).  In Guardian Life Ins. Co. of America v. Muniz, 101 F.3d 93 (11th Cir. 1996), and New York Life Ins. Co. v. Swift, 38 F.2d 175 (5th Cir. 1930), insurance companies filed suit against

policyholders seeking to void policies.  The Eleventh Circuit and former Fifth Circuit reasoned that, when an insurance company attempts to void a contract, the amount in controversy for diversity-of-citizenship purposes is the face value of the policy.  See Muniz, 101 F.3d at 94; Swift, 38 F.2d at 176.  And in C.E. Carnes & Co. v. Employer's Liability Assur. Corp., Ltd., 101 F.2d 739 (5th Cir. 1939), the insurance company sought a declaratory judgment that harms caused by butane gas were not covered by the policy.  The former Fifth Circuit held that the "amount in controversy is the value of that which is sought to have declared free from doubt--the policy for $ 25,000."  Id. at 741.

Nationwide also cites In re Minnesota Mutual Life Ins. Co. Sales Practices Litigation, 346 F.3d 830 (8th Cir. 2003), where the Eighth Circuit Court of Appeals confronted a "vanishing premium" case.  The plaintiff policyholders let their policies lapse after their premiums continued past the vanishing point.  See id. at

5

835.  Seeking to restore their policies, the plaintiffs filed suit alleging various forms of fraud and breach of contract.  See id. at 833.  After the defendant insurance company removed the case to federal court based on diversity of citizenship, the Eighth Circuit held that, because the plaintiffs sought equitable relief to enforce the contract, the face value of the policy satisfied the amount in controversy.  See id. at 835.

McPhillips responds that he is not challenging the validity of the insurance policy.  He seeks only repayment of approximately $ 6,100 in additional premiums and a declaratory judgment that the initial $ 4,772.57 payment will fund the policy for the remainder of his son's life.

Read as a whole, the cases relied on by Nationwide establish that when the validity of an insurance policy is at stake--because either the insurance company seeks to void the contract or the plaintiff requests injunctive

relief to restore a lapsed policy--the jurisdictional amount in controversy is the face value of the policy.

But, here, McPhillips is not challenging the validity of the policy; as the facts currently stand, McPhillips's policy is valid.  Regardless of the result of this lawsuit, McPhillips would still be entitled to a benefit upon his son's death.

Unlike the plaintiffs in <u>In re Minnesota Mutual Life</u>, therefore, McPhillips is not seeking injunctive relief to restore an entire policy and make the defendant liable for its face value.  McPhillips requests only declaratory relief that he not pay any additional premiums to keep the life-insurance policy valid.  Thus, the true amount in controversy is the value of premiums--past and future--after the $ 4,772.57 payment.

McPhillips contends that the overpaid premiums approximate $ 6,100, a figure well below the $ 75,000 amount in controversy requirement; he does not predict the value of future premiums.  By contrast, Nationwide

has failed to provide any estimate of (1) McPhillips's post-vanishing point payments and (2) the value of any future premiums.  As Nationwide bears the burden of establishing a $ 75,000 amount in controversy, the court concludes that the compensatory damages at stake fall below the jurisdictional floor.

Nationwide further contends that McPhillips's request for punitive damages pushes the amount in controversy above $ 75,000.  In support, Nationwide cites Alabama jury verdicts awarding plaintiffs millions of dollars. The court has reviewed these cases and found them to be legally and factually distinguishable.

Nationwide, therefore, has failed to satisfy its burden of proof by a preponderance of the evidence.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Julian McPhillips's motion to

remand (Doc. No. 14) is granted and that, pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Circuit Court of Montgomery County, Alabama for want of jurisdiction.

It is further ORDERED that all other pending motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 20th day of October, 2011.

　　　　　　　　　　　　　　　  /s/ Myron H. Thompson  
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**